# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARTIN RAYMOND SCHON, | |
| Plaintiff pro se, | No. C11-4043-MWB |
| vs. | **INITIAL REVIEW ORDER** |
| CITY OF SIOUX CITY, IOWA; MICHAEL HOBART; JOHN FITCH; KEITH RADIG; AARON ROCHESTER; and TOM PADGETT, | |
| Defendants. | |

_____

On May 10, 2011, the plaintiff filed an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), together with a proposed complaint. The court granted plaintiff leave to proceed IFP and now reviews the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether he has stated a viable cause of action against any of the listed defendants. For the reasons stated below, the plaintiff's complaint is dismissed without prejudice.

## BACKGROUND

Sioux City Municipal Code section 10.12.065 (the "Ordinance") provides for automated red light enforcement in the City of Sioux City, Iowa (the "City"), for making photographs, video, or digital images of vehicles that fail to obey red light traffic signals at designated intersections. Sioux City, Iowa Code § 10.12.065(1). A violation of the Ordinance is a civil violation subject to a fine and that "may be rebutted by showing that a stolen vehicle report was made on the vehicle encompassing the period in question." *Id*. § 10.12.065(3)(c), (4)(a). A recipient of an automated red light citation may dispute the citation by requesting review by the chief of police or his designee in writing within fifteen

days after receiving the violation notice. *Id.* § 10.12.065(4)(b). A hearing shall be held within ten business days of the request for review, and a decision is issued within three days after the hearing. *Id.* § 10.12.065(4)(b), (c). If the recipient seeks to appeal the hearing decision, the police department issues a municipal infraction citation, resulting in a required court appearance by the recipient and in the scheduling of a trial before a judge or magistrate at the Woodbury County Courthouse, Law Enforcement Center. *Id.* § 10.12.065(4)(d).

According to the plaintiff's complaint, he paid respective fines of $142.00 and $195.00 for traffic citations in 2009 and 2011 for failing to obey red light traffic signals in violation of the Ordinance. Doc. No. 3 ¶¶ 13-15. The plaintiff contends that the Ordinance is enforced as a civil violation "in violation of due process procedural protection mandated by law for [alleged] criminal acts." *Id.* ¶ 17. The plaintiff further maintains that the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution. *Id.* ¶ 21. The plaintiff, therefore, seeks redress against the City, its mayor, and four members of the Sioux City Council individually and in their official capacities who "acted under color of authority of law." *Id.* ¶¶ 4-10, 12. The plaintiff seeks an injunction barring the defendants from enforcing the Ordinance, a refund of all his fines paid from violating the Ordinance, compensatory damages, punitive damages, and costs.

## STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (per curiam); *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct.

1728, 1733 (1992). A court, however, can dismiss at any time a complaint filed IFP if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Accordingly, a court may review the complaint and dismiss *sua sponte* those claims that fail "to raise a right to relief above the speculative level," *id.* at 555, 127 S. Ct. at 1965; *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1143 (2010), or that are premised on meritless legal theories or clearly lack any factual basis. *See Neitzke*, 490 U.S. at 325, 109 S. Ct. at 1831-32; *see also Hernandez*, 504 U.S. at 27, 112 S. Ct. at 1730-31 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (concluding that a district court may dismiss an action if an affirmative defense exists).

## DISCUSSION

To the extent that the plaintiff seeks to bring a cause of action against the defendants under 42 U.S.C. § 1983, his action is frivolous and fails to state a claim upon which relief can be granted. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In other words, the plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999). The plaintiff asserts that "[r]unning a red light is without question a criminal act under the Code of Iowa"; therefore, the Ordinance is enforced as a civil violation "in violation of due process procedural protection mandated by law for [alleged] criminal acts." Doc. No. 3 ¶¶ 16-17. The plaintiff appears to contend that the use of the Ordinance's rebuttable presumption to establish that the driver of the motor vehicle at the time and place of the violation either owned or was authorized to operate the vehicle runs afoul of the plaintiff's due process rights under the Fifth and Fourteenth Amendments to the Constitution because the Ordinance permits proof of liability without proof beyond a reasonable doubt. *See id.* ¶¶ 19-20. The plaintiff further maintains that the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment. *Id.* ¶ 21.

**A.      Procedural Due Process Claim**

The Due Process Clause of the Fourteenth Amendment ensures that states do not deprive individuals of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. "A procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures." *Parrish v. Mallinger*, 133 F.3d 612, 615 (8th Cir. 1998). Because the Ordinance is civil in nature, the plaintiff's procedural due process claim fails and must be dismissed.

"[T]he characterization of [a] proceeding and the relief given as civil or criminal in nature, for purposes of determining the proper applicability of federal constitutional protections, raises a question of federal law rather than state law." *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 630, 108 S. Ct. 1423, 1429 (1988). Whether a particular

punishment or proceeding is criminal or civil is first a matter of statutory construction. *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 1147 (2003) (addressing *ex post facto* challenge to sex offender registration and notification law); *Hudson v. United States*, 522 U.S. 93, 99, 118 S. Ct. 488, 493 (1997) (addressing double jeopardy challenge to imposition of monetary penalties and occupational debarment); *Kansas v. Hendricks*, 521 U.S. 346, 361, 117 S. Ct. 2072, 2081 (1997) (addressing double jeopardy and *ex post facto* challenges to sexually violent predator civil commitment proceeding); *Allen v. Illinois*, 478 U.S. 364, 368, 106 S. Ct. 2988, 2992 (1986) (addressing privilege against self-incrimination challenge to sexually dangerous persons civil commitment proceeding).

In resolving whether proceedings are civil or criminal in nature, the court ascertains "whether the legislature meant the [legislation] to establish 'civil' proceedings." *Hendricks*, 521 U.S. at 361, 117 S. Ct. at 2082; *see also Allen*, 478 U.S. at 368, 106 S. Ct. at 2992 (finding initially that state had expressly provided that proceedings under challenged statute were civil in nature indicating state's intent "to proceed in a nonpunitive, noncriminal manner" under challenged statute). Similarly, in resolving whether a penalty is civil or criminal in nature, the court must determine "whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for" the civil or criminal label. *Hudson*, 522 U.S. at 99, 118 S. Ct. at 493 (quoting *United States v. Ward*, 448 U.S. 242, 248, 100 S. Ct. 2636, 2641 (1980)) (internal quotation marks omitted).

The legislature's intent to create a civil proceeding or penalty may be ascertained either from the express language of the legislation, *see Allen*, 478 U.S. at 368, 106 S. Ct. at 2992, or from other aspects of the legislation. *See, e.g.*, *Hudson*, 522 U.S. at 103, 118 S. Ct. at 495 (finding debarment sanction was intended to be civil in nature, even in absence of express language "denominating the sanction as civil," because administrative agency had authority to issue debarment order). To ascertain legislative intent, the court

may consider the purpose or objective of the legislation, the manner of its codification, and the enforcement procedures it establishes. *Smith*, 538 U.S. at 93-94, 123 S. Ct. at 1147-48.

Having considered the Ordinance, the court concludes that the City intended it to be civil in nature as evidenced from the location of the Ordinance in the Sioux City Municipal Code and from the language of the Ordinance itself. The ordinance is not in Title 8 of the Municipal Code, which is entitled "Offenses" and in which the City expressly specifies acts constituting crimes. Instead, the Ordinance is part of Title 10 of the Municipal Code, which relates to traffic ordinances, and, more specifically, part of Chapter 10.12 of that title, which is entitled "Enforcement and Obedience to Traffic Regulations." The placement of the Ordinance outside the title containing ordinance provisions that the City explicitly characterizes as criminal in nature indicates the City's intent that the Ordinance proceedings and penalty be civil in nature. *See, e.g.*, *Hendricks*, 521 U.S. at 361, 117 S. Ct. at 2082 (noting that state legislature's objective to create civil proceeding was evidenced in part by its placement of legislation within state probate code, instead of state criminal code). Further, the Ordinance's characterization of a violation as a "civil violation" incurring "a civil penalty" also suggests a finding that the Ordinance is not criminal in nature. The determination that the City intended the ordinance to be civil in nature is also supported by the absence of the word "crime" and its derivations in the Ordinance's provisions. *See Kilper v. City of Arnold*, No. 4:08cv0267 TCM, 2009 WL 2208404, at *14 (E.D. Mo. July 23, 2009).

If the legislation indicates a preference for the civil label, then the court must determine whether the legislation is so punitive in purpose or effect that the proceeding or penalty should be considered criminal in nature. *Students for Sensible Drug Policy Found. v. Spellings*, 523 F.3d 896, 900 (8th Cir. 2008). In making that determination, the court considers the following factors in relation to the legislation on its face: (1) whether the

sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment-retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Hudson*, 522 U.S. at 99-100, 118 S. Ct. at 493 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 567-68 (1963)). Courts may also weigh additional considerations. *Burr v. Snider*, 234 F.3d 1052, 1054 (8th Cir. 2000). "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Hudson*, 522 U.S. at 100, 118 S. Ct. at 493 (quoting *Ward*, 448 U.S. at 249, 100 S. Ct. at 2641-42) (internal quotation marks omitted).

    First, the Ordinance's sanction of a fine does not involve an affirmative disability or restraint. This factor requires an inquiry into "how the effects of the [legislation] are felt by those subject to it. If the disability or restraint is minor and indirect, its effects are unlikely to be punitive." *Smith*, 538 U.S. at 99-100, 123 S. Ct. at 1151. Moreover, when legislation "imposes no physical restraint, [it] does not resemble the punishment of imprisonment, which is the paradigmatic affirmative disability or restraint." *Id.* at 100, 123 S. Ct. at 1151. Monetary sanctions do not involve an affirmative disability or restraint. *See Hudson*, 522 U.S. at 104, 118 S. Ct. at 495-96 (imposition of monetary sanctions and debarment do not involve an affirmative disability or restraint); *Students for Sensible Drug Policy Found.*, 523 F.3d at 901 (suspension of federal aid to students convicted of drug offenses "does not involve an affirmative disability or restraint"). Here, the only penalty available for a violation of the Ordinance is monetary (the imposition of a fine), which does not involve an affirmative disability or restraint. *See* Sioux City, Iowa

Code § 10.12.065(4)(a). This factor supports the determination that the Ordinance and its penalty are civil in nature.

The court next considers whether the sanction has been regarded historically as punishment. *Hudson*, 522 U.S. at 99, 118 S. Ct. at 493. Monetary penalties have not been "historically . . . viewed as punishment." *Id.* at 104, 118 S. Ct. at 495. *But see Harmelin v. Michigan*, 501 U.S. 957, 978 n.9, 111 S. Ct. 2680, 2693 n.9 (1991) (plurality opinion) (characterizing "disproportionate fines" as "certainly punishments"). Rather, "the payment of fixed or variable sums of money [is a] sanction which ha[s] been recognized as [enforceable] by civil proceedings since . . . 1789." *Hudson*, 522 U.S. at 104, 118 S. Ct. at 496 (some alterations in original) (quoting *Helvering v. Mitchell*, 303 U.S. 391, 400, 58 S. Ct. 630, 633 (1938)) (internal quotation marks omitted). As noted above, the only penalty available for a violation of the Ordinance is the imposition of a fine, which requires the payment of money. Such a monetary penalty is not deemed a punishment. Therefore, this factor supports a determination that the Ordinance and its sanction are civil in nature. *See Kilper*, 2009 WL 2208404, at *16.

The third factor asks whether the sanction only comes into play on a finding of scienter. *Hudson*, 522 U.S. at 99, 118 S. Ct. at 493. "The existence of a scienter requirement is customarily an important element in distinguishing criminal from civil statutes." *Hendricks*, 521 U.S. at 362, 117 S. Ct. at 2082. When there is no scienter requirement, it is evidence that the penalty is not intended to be retributive. *Id.*; *Students for Sensible Drug Policy Found.*, 523 F.3d at 901. Here, the owner of a vehicle failing to obey a red traffic light is liable regardless of scienter. *See* Sioux City, Iowa Code § 10.12.065(3). Because the Ordinance's sanction does not come into play only on a finding of scienter, this third factor further supports a determination that the Ordinance and its penalty are not criminal in nature.

8

The fourth factor is whether the sanction will promote the traditional aims of punishment-retribution and deterrence. *Hudson*, 522 U.S. at 99, 118 S. Ct. at 493. As noted above, the lack of a scienter requirement "is evidence that [the legislation] is not intended to be retributive." *Hendricks*, 521 U.S. at 362, 117 S. Ct. at 2082. Further, while the deterrent aspect of fines may be apparent, "the mere presence of [a deterrent] purpose is insufficient to render a sanction criminal, as deterrence may serve civil as well as criminal goals." *Hudson*, 522 U.S. at 105, 118 S. Ct. at 496 (quoting *United States v. Ursery*, 518 U.S. 267, 292, 116 S. Ct. 2135, 2149 (1996)) (internal quotation marks omitted). "Any number of governmental programs might deter crime without imposing punishment." *Smith*, 538 U.S. at 102, 123 S. Ct. at 1152. The court finds that this factor weighs in favor of finding that the Ordinance and its penalty are civil in nature.

The fifth factor the court considers is whether the behavior to which the penalty applies is already a crime. *Hudson*, 522 U.S. at 99, 118 S. Ct. at 493. Assuming that the violation of a red light is a criminal offense, the fact that conduct for which the Ordinance's penalty is imposed "may also be criminal . . . is insufficient to render the money penalties . . . criminally punitive." *Id.* at 105, 118 S. Ct. at 496; *cf. Hendricks*, 521 U.S. at 362, 117 S. Ct. at 2082 ("[T]he fact that the [legislation] may be tied to criminal activity is insufficient to render the [legislation] punitive." (quoting *Ursery*, 518 U.S. at 292, 116 S. Ct. at 2149) (internal quotation marks omitted)). The court finds that this factor weighs only slightly in favor of finding that the Ordinance and its penalty are criminal in nature.

The sixth factor is "whether an alternative purpose to which [the sanction] may rationally be connected is assignable for it." *Hudson*, 522 U.S. at 99, 118 S. Ct. at 493. The Ordinance's "rational connection to a nonpunitive purpose is a [sic] '[m]ost significant' factor in [the] determination that the [Ordinance's] effects are not punitive." *Smith*, 538 U.S. at 102, 123 S. Ct. at 1152 (first alteration in original) (quoting *Ursery*,

518 U.S. at 290, 116 S. Ct. at 2148). In this regard, public safety is a "legitimate nonpunitive purpose." *Id.* at 102-03, 123 S. Ct. at 1152. The City enacted the Ordinance "pursuant to the police powers authorized it by the state of Iowa for governing safe traffic flow." Sioux City, Iowa Code § 10.12.065(1). The Ordinance, therefore, has a legitimate, non-punitive public safety purpose. Furthermore, the use of red-light cameras and related proceedings are rationally connected to the valid public safety purpose of reducing traffic accidents at traffic light intersections. *Kilper*, 2009 WL 2208404, at *17. This factor weighs in favor of determining that the Ordinance and its penalty are civil in nature.

In considering the seventh factor, the court considers whether the penalty seems excessive in relation to the alternative purpose. *Hudson*, 522 U.S. at 99-100, 118 S. Ct. at 493. The only available penalty under the Ordinance is the imposition of a fine, which the plaintiff paid $142.00 and $195.00 on these two separate violations. The amount of the fine for violating a red light enforced through a camera is not excessive in relation to the public safety purpose of the Ordinance. *See, e.g.*, Iowa Code § 364.22(1)(a) ("A municipal infraction is a civil offense punishable by a civil penalty of not more than seven hundred fifty dollars for each violation or if the infraction is a repeat offense, a civil penalty not to exceed one thousand dollars for each repeat offense."); *Idris v. City of Chicago*, No. 06 C 6085, 2008 WL 182248, at *6 (N.D. Ill. Jan.16, 2008) (rejecting various challenges to red light camera ordinance having $90.00 fine, including double jeopardy challenge, after finding penalty was civil rather than criminal), *aff'd*, 552 F.3d 564 (7th Cir. 2009). This factor also weighs in favor of a determination that the Ordinance and its penalty are civil in nature.

In light of the relevant factors, the court concludes that the plaintiff's due process claim lacks an arguable basis in law and in fact. Further, the plaintiff has failed to allege facts in his complaint beyond the speculative level to show that the effects of the Ordinance

and its penalty negate the City's intention to create a civil ordinance and remedy. Rather, the plaintiff's "complaint merely alleged, but did not show, that [he] is entitled to relief." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011). Because the Ordinance and its remedy are civil in nature, the plaintiff's procedural due process claim, which relies on a determination that the Ordinance and its remedy are criminal in nature, lacks merit and must be dismissed.

**B.     Equal Protection Claim**

The plaintiff further contends that the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment "as a red light citation issued by a law enforcement officer is afforded all due process procedural protections mandated by law for the alleged criminal act and is prosecuted in criminal traffic court [sic]." Doc. No. 3 ¶ 21. The plaintiff's equal protection claim is nonsensical and lacks an arguable basis in law and in fact, and therefore fails to state a claim upon which relief can be granted. The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Fourteenth Amendment ensures that states will govern their citizens impartially. But the Fourteenth Amendment does not guarantee that all persons must be dealt with in an identical manner." *Mills v. City of Grand Forks*, 614 F.3d 495, 500 (8th Cir. 2010) (citation omitted). As a threshold matter, to state an equal protection claim, the plaintiff must demonstrate that he was treated differently from others similarly situated. *Id.*

The plaintiff has failed to allege that he was treated differently from others similarly situated, and so his equal protection claim must be dismissed. *See id.* (affirming district court's judgment of dismissal on the pleadings under Fed. R. Civ. P. 12(c) in civil rights action under 42 U.S.C. § 1983 because plaintiff did not establish that defendant treated other individuals who violated traffic laws differently or selectively imposed higher fine based on impermissible grounds).

11

## CONCLUSION

The plaintiff's claims are frivolous because they lack an arguable basis in law and in fact, and they fail to state claims upon which relief can be granted. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is **dismissed without prejudice**, and all other pending motions are **denied as moot**.

**IT IS SO ORDERED.**

**DATED** this 18th day of May, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT